# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 17-0276V
(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
CHRISTINE SMITH,                    *
                                    *    Special Master Oler
              Petitioner,            *    Filed: February 1, 2019
    v.                              *
                                    *    Petitioner's Motion for a Decision;
SECRETARY OF HEALTH                 *    Dismissal of Petition; Vaccine
AND HUMAN SERVICES,                 *    Act; Denial Without Hearing.
                                    *
              Respondent.            *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Joseph Alexander Vuckovich*, Maglio Christopher and Toale, PA, Washington, D.C., for Petitioner.

*Robert Paul Coleman, III*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

## DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

On February 28, 2017, Christine Smith ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that she developed a left

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

shoulder injury as a result of the influenza ("flu") vaccination that she received on October 16, 2014.[3] Petition ("Pet.") at 1, ECF No. 1.

Petitioner filed her statement of completion on February 28, 2017. ECF No. 5. This case was assigned to the Special Processing Unit ("SPU"), and an initial status conference was conducted by an OSM staff attorney on April 19, 2017. *See* Minute Entry for 4/19/2017.

On September 22, 2017, Respondent filed a Rule 4(c) Report. ECF No. 15. Respondent stated that Petitioner had not satisfied her burden of proof, specifically noting that she did not seek medical attention for her shoulder until thirteen months after receiving the allegedly causal flu vaccination. *Id*. at 5. Respondent concluded that "[P]etitioner has failed to demonstrate entitlement to compensation and her petition for compensation should be dismissed." *Id*. at 7.

On October 4, 2017, Special Master Moran ordered Petitioner to complete an affidavit answering a series of questions concerning prior medical treatment, employment, documentation in her possession, and activities. ECF No. 18. In his Order, Special Master Moran stated that "a hearing to receive oral testimony may be appropriate." *Id*. Petitioner submitted her requested affidavit on November 9, 2017. Ex. 10, ECF No. 23.

On April 4, 2018, Petitioner submitted an affidavit from her son, Paul del Valle. Ex. 11, ECF No. 33. On August 13, 2018, she submitted an affidavit from her daughter, Maria Torres (Ex. 14), as well as a Christmas card purportedly written and sent in late December 2014 (Ex. 15).

I issued an order on April 26, 2018, scheduling a fact hearing in this case to determine onset of Petitioner's injuries. ECF No. 34. I conducted the hearing on August 22, 2018, in Washington, D.C. (*See* Minute Entry for 08/23/2018), and I issued my Ruling on Onset ("Ruling") on November 20, 2018 (ECF No. 45). In that Ruling, after consideration of witness testimony, the medical records, numerous affidavits, and documentary evidence, I found that the contemporaneous medical records more accurately reflected the onset of Petitioner's pain. *Id*. I concluded that Petitioner's left upper arm pain began in November of 2015. *Id*. Furthermore, I ordered that, by January 21, 2019, Petitioner file an expert report supporting onset of left arm pain at 13 months after flu vaccination, or a status report indicating how she intends to proceed.

On January 18, 2019, Petitioner filed the present motion to dismiss her claim, indicating that "[a]n investigation of the facts and science supporting her case has demonstrated to Petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program." *See* Petitioner's Motion for Decision Dismissing Petition, ECF No. 46.

---

[3] This case was initially assigned to the Special Processing Unit and Chief Special Master Dorsey (ECF No. 6, 8), reassigned to Special Master Moran on September 28, 2017 (ECF No. 17), and then reassigned to my docket on January 29, 2018 (ECF No. 29).

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or (2) that he suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. Section 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet his burden of proof. Petitioner's claim therefore cannot succeed and in accordance with his motion, must be dismissed. Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master