# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: October 9, 2019

```
* * * * * * * * * * * * *
CHRISTINE SMITH,              *
                              *
        Petitioner,           *    No. 17-276V
                              *    Special Master Oler
v.                            *
                              *    Attorneys' Fees and Costs
SECRETARY OF HEALTH           *
AND HUMAN SERVICES,           *
                              *
        Respondent.           *
* * * * * * * * * * * * *
```

*Joseph A. Vuckovich*, Maglio Christopher and Toale, PA, Washington, DC, for Petitioner.
*Robert P. Coleman, III*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On February 28, 2017, Christine Smith ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that she developed a left shoulder injury as a result of the influenza ("flu") vaccination that she received on October 16, 2014. A fact hearing was held on August 22, 2018, and on November 20, 2018, the undersigned issued a Ruling on facts regarding onset. ECF No. 45. Thereafter, Petitioner filed a motion for voluntary dismissal of her petitioner, which the undersigned grated on February 1, 2019, issuing a Decision dismissing the petition for insufficient proof. ECF No. 47.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

On July 5, 2019, Petitioner filed an application for final attorneys' fees and costs. ECF No. 52 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $52,600.18, representing $49,301.30 in attorneys' fees and $3,298.88 in attorneys' costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner states that she has personally incurred costs of $6.70. *Id.* at 2. Respondent responded to the motion on July 11, 2019, stating that "Respondent defers to the Special Master to determine whether the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned exercise her discretion and "determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3, ECF No. 53. Petitioner filed a reply on July 17, 2019, reiterating her belief that the requested amount of fees and costs is reasonable. Reply at 4, ECF No. 54.

This matter is now ripe for consideration.

**I.     Reasonable Attorneys' Fees and Costs**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, the undersigned does not doubt that the petition was filed in good faith, and although the petition was eventually dismissed, the undersigned finds that there was reasonable basis to file the petition. Respondent has also not challenged the reasonable basis of the petitioner. Accordingly, a final award of fees and costs is appropriate.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

   **a.  Reasonable Hourly Rates**

Petitioner requests the following hourly rates for the work of her counsel at Maglio Christopher and Toale, PA: for Mr. Joseph Vuckovich, $275.00 per hour for work performed in 2016, $290.00 per hour for work performed in 2017, $300.00 per hour for work performed in 2018, and $315.00 per hour for work performed in 2019; for Ms. Danielle Strait, $307.00 per hour for work performed in 2017 and $322.00 per hour for work performed in 2018; for Ms. Diana

Stadelnikas, $359.00 per hour for work performed in 2016, for Ms. Jessica Olins, $184.00 per hour for work performed in 2018 and $199.00 per hour for work performed in 2019; and for Mr. Isaiah Kalinowski, $358.00 per hour for work performed in 2017 and $383.00 per hour for work performed in 2019. Fees App. at 37. Rates of $135.00 per hour to $154.00 per hour are requested for paralegal work, depending on the year the work was performed and the paralegal. *Id.*

The undersigned has reviewed the requested rates and finds them to be consistent with what Maglio Christopher and Toale, PA attorneys and paralegals have previously been awarded for their vaccine program work. Accordingly, the rates sought herein are reasonable.

### b. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

Upon review, the undersigned finds the overall hours billed to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and, upon review, the undersigned does not find any of the billing entries to be unreasonable. Respondent also did not indicate that he finds any of the billing entries to be unreasonable. Accordingly, Petitioner is entitled to final attorneys' fees in the amount of **$49,301.30**.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $3,298.88 in attorneys' costs. This amount is comprised of acquiring medical records, the Court's filing fee, and costs associated with the fact hearing, including travel expenses and costs associated with videoconferencing. Fees App. Ex. 2 at 1-2. These costs are all typical of Vaccine Program litigation and Petitioner has provided adequate documentation supporting the requested costs. Accordingly, Petitioner is entitled to the full amount of costs sought.

### d. Petitioner's Costs

Pursuant to General Order No. 9, Petitioner states that she has personally incurred costs in the amount of $6.70 in pursuit of this litigation for postage expenses. Fees App. Ex. 3 at 1-2. Petitioner has provided adequate documentation supporting this cost and it shall be fully reimbursed.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and

costs is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $49,301.30 |
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$49,301.30** |
| | |
| Attorneys' Costs Requested | $3,298.88 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$3,298.88** |
| | |
| **Total Attorneys' Fees and Costs** | **$52,600.18** |
| | |
| **Petitioner's Costs** | **$6.70** |
| | |
| **Total Amount Awarded** | **$52,606.88** |

**Accordingly, the undersigned awards the following:**

1) **A lump sum in the amount of $52,600.18, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. Joseph Vuckovich; and**

2) **A lump sum in the amount of $6.70, representing reimbursement for reasonable Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

                                                      **s/Katherine E. Oler**
                                                      Katherine E. Oler
                                                      Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).